IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL CARNES, as Special Administrator of the Estate of
Michael Kinney, Decedent,

                   Plaintiff,

  v.                                                          ORDER

C & W TRUCKING, CO., RANDY ERICKSON,          23-cv-294-jdp
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, and ERIE INSURANCE EXCHANGE,

                   Defendants.

---

This is the second suit that plaintiff Jill Carnes has brought against Randy Erickson, Erikson's former employer C & W Trucking, Co., and their insurers for the shooting death of her brother, Michael Kinney. Carnes brought the first suit in her individual capacity under Wisconsin's wrongful death statute, Wis. Stat. § 895.04, seeking to recover damages for the loss of Kinney's society and companionship, her pecuniary loss, and funeral expenses. But when the defendants moved for summary judgment in that action, Carnes conceded that she could not recover for loss of companionship under that statute and that she did not suffer pecuniary loss or incur funeral expenses. Carnes filed this suit as the administrator of her brother's estate to recover for pain and suffering that he experienced before his death.

Randy Erikson and American Family Mutual Insurance Company move to dismiss the case on the grounds that it is impermissible claim splitting barred by claim and issue preclusion. C&W Trucking and Erie Insurance Exchange join Erikson's motion. The court will deny defendants' motions because the true party here is Kinney's estate, not Carnes personally.

ANALYSIS

Defendants contend that the court should dismiss this case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because it impermissibly duplicates Carnes's prior lawsuit. When deciding a motion to dismiss under Rule 12(b)(6), courts may consider the complaint, documents attached to or referred to in the complaint, and information that is subject to judicial notice. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The affirmative defense of res judicata is a proper basis for a Rule 12(b)(6) motion if the complaint and information in prior court filings establish that the defense applies. *Sledge v. Bellwood Sch. Dist. 88*, 487 F. App'x 313, 314 (7th Cir. 2012) (citing *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir.2008)). The party asserting res judicata has the burden of proof. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).

**A. Claim splitting and claim preclusion**

Claim splitting "is a subset of the res judicata doctrine" that bars plaintiffs from bringing duplicative lawsuits. *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) (quoting *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011)). The rule against claim splitting applies if (1) a new case has an identity of parties with the prior action and (2) the claims in the two actions "are based on the same, or nearly the same, factual allegations." *Scholz*, 18 F.4th at 952 (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)). Put another way, when a plaintiff chooses to bring a lawsuit against a defendant concerning certain events, the plaintiff cannot split her claims and bring a new lawsuit for each legal theory about those same events. *Czarniecki v. City of Chicago*, 633 F.3d 545, 551 (7th Cir. 2011). The more stringent doctrine of claim preclusion applies when the two elements of claim splitting are met and there is a final judgment on the merits. *Scholz*, 18 F.4th at 952; *see also Bell v. Taylor*,

827 F.3d 699, 706 (7th Cir. 2016) ("Res judicata, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action"). Even if the parties are not identical, there can be an identity of parties for claim splitting and claim preclusion if the new parties are in privity with a party in the prior litigation. Parties are in privity if "a person is so identified in interest with a party to former litigation that he or she represents precisely the same legal right in respect to the subject matter involved." *Pasko v. City of Milwaukee*, 2002 WI 33, ¶ 16, 252 Wis. 2d 1, 15, 643 N.W.2d 72, 78.

Here, the dispositive issue is whether Carnes as special administrator of Kinney's estate is effectively the same party as Carnes as individual plaintiff. A fundamental principle of the res judicata doctrine "is that litigation in one capacity, individual or representative, does not preclude relitigation in a different capacity, individual or representative." 18A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 4454 (3d ed.); *see also Clark v. Amoco Prod. Co.*, 794 F.2d 967, 973 (5th Cir. 1986) ("Res judicata does not apply to a situation such as the one here in which a party appears in one action in an individual capacity and in a subsequent action in a representative capacity."); *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 249 (4th Cir. 2005) (same); *cf. Davis v. City of Chicago*, 669 F. App'x 305, 306 (7th Cir. 2016) (holding that individual defendants sued in their personal capacity were not in privity with their employer, the city of Chicago, even though they would have been if plaintiff had sued them in their official capacity).

Simply put, as administrator of Kinney's estate, Carnes is a legally different plaintiff than when she sued in her personal capacity. Carnes's statutory survival action in this second case seeks to recover for injuries that Kinney experienced before his death. This is a separate legal interest from that asserted by Carnes in the first suit, which sought to recover her own

losses from her brother's wrongful death. The claim here for Kinney's pain and suffering belongs to his estate rather than to Carnes personally.[1] *See Christ v. Exxon Mobil Corp.*, 2015 WI 58, ¶ 24, 362 Wis. 2d 668, 683.

Defendants contend that Carnes waived any argument about identity of the parties by failing to address the issue in her opposition brief. There's no waiver here. Carnes does not use the term "identity of parties," but her opposition brief, Dkt. 5, discusses at length case law that says survival actions and wrongful death actions are different causes of action that belong to different plaintiffs. She casts her argument mostly in terms of the different facts involved in the two claims, but she has sufficiently contested the defendants' argument that the parties are the same.

Substantively, defendants argue that there is an identity of parties for two reasons: first, as a beneficiary of Kinney's estate, Carnes is in privity with the administrator of the estate; second, even if there is not privity between the plaintiffs, Carnes adequately represented the interests of the estate when she brought her wrongful death suit. Neither of these arguments establishes the required alignment of parties in Carnes's two cases.

To support their first argument, defendants cite *McCrocklin v. Fowler* for the general proposition that a beneficiary of an estate is in privity with the administrator of an estate. 285 F. Supp. 41, 44 (E.D. Wis. 1968), *aff'd*, 411 F.2d 580 (7th Cir. 1969). Res judicata generally

---

[1] Defendants point out that Carnes's complaint in this second suit still refers to Wis. Stat. §§ 895.03 and 895.04 as the basis for her claim, which is the statute that she previously conceded she cannot recover under. Carnes says that this was a scrivener's error and that the complaint should have referred to Wist. Stat. § 895.01(1)(am)(7), which says that causes of action for damage to a person survive that person's death. The rest of the complaint makes it clear that, as administrator of Kinney's complaint, Carnes's claim in this case is for damages for injuries that Kinney suffered before his death.

prevents beneficiaries of a trust or estate from relitigating issues concerning the interests of a trust or estate that its representative already litigated. 18A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 4454 (3d ed.). Put another way, a beneficiary is in privity with the administrator of an estate if the beneficiary asserts a claim that depends on the same legal right at issue in prior litigation on behalf of the estate. *Pasko*, 2002 WI 33, ¶ 16.  But Carnes did not bring her first action as a beneficiary of Kinney's estate. Carnes's first claim sought to recover for expenses that Carnes herself suffered because of Kinney's death—a different legal right than the estate's claim for the damages that Kinney suffered. Thus, the beneficiary and the administrator are not in privity for purposes of the claims in the two cases here.

For defendants' second argument, they cite Supreme Court decisions that say claim preclusion can apply to prevent a nonparty from bringing a subsequent case if the nonparty's interests were adequately represented by one of the parties in the first case. *See Taylor*, 553 U.S. at 900; *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798–99 (1996). This principle applies if (1) the representative's interests are aligned with the nonparty's interests and (2) the representative understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty. *Taylor*, 553 U.S. at 900. Defendants have not shown that Carnes understood herself to be acting in a representative capacity for Kinney's estate in the first case. The interests of the estate (which include the interests of the other potential beneficiaries) were not aligned with Carnes's individual interests. The potential beneficiaries would have an interest in achieving a recovery for the estate, but in the first case Carnes was pursuing recovery for herself alone. As explained above, the basis for recovery is not the same in the two cases. So it's not fair to say that Carnes's interests

5

and those of the estate were aligned. Finally, there is no basis to conclude that the court took any care to protect the interests of the estate and its other beneficiaries in the prior case.

In sum, the court concludes that Carnes in her capacity as special administrator of Kinney's estate is not the same party as Carnes acting in her personal capacity for her own benefit. Neither the prohibition against claim splitting nor claim preclusion bars this case.

**B. Issue preclusion**

The doctrine of issue preclusion would bar Carnes from relitigating any of the issues of fact or law resolved in her previous case. Issue preclusion applies when the following elements are met: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Carnes concedes that "she cannot pursue pecuniary losses in this survival action because this area of damage was ruled upon in the wrongful death action." Dkt. 25, at 2.

The court understands Carnes's concession to relate to the demand in this case for the costs of funeral and burial expenses, because that is the only pecuniary loss identified in the complaint. It's not crystal clear that that claim was fully resolved on the merits in the first case. But to avoid any doubt, the court holds that Carnes cannot seek any damages under the wrongful death statute, Wis. Stat. § 895.04, because Carnes conceded in the prior action that she and her family incurred no pecuniary losses or funeral expenses in connection with Kinney's death. *Carnes, Jill v. C & W Trucking Co. et al.*, No. 22-cv-142-jdp (W.D. Wis. May 9, 2023).

Thus, the only losses that Carnes may recover in this case are damages for Kinney's pain and suffering under Wis. Stat. § 895.01(1)(am)(7).

ORDER

IT IS ORDERED that:

1. Defendant Erie Insurance Exchange's motion to join Erikson's motion to dismiss Dkt 22 is GRANTED.

2. Defendant C&W Trucking Co.'s motion to join Erikson's motion to dismiss Dkt 24 is GRANTED.

3. Defendant Randy Erikson's motion to dismiss, Dkt. 3, and Defendant American Family Mutual Insurance Co.'s motion to dismiss, Dkt. 20, are DENIED.

Entered December 15, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge